[No. 30210.   Department Two.   November 13, 1947.]

THE STATE OF WASHINGTON, *Respondent*, v. TEALMAN W. HARDAMON, *Appellant*.[1]

[1]Reported in 186 P. (2d) 634.

*Charles M. Stokes,* for appellant.

*Lloyd Shorett* and *John E. Prim,* for respondent.

BEALS, J.—The defendant, Tealman W. Hardamon, was charged, by information filed by the prosecuting attorney for King county, with the crime of assault in the second degree, committed upon one William L. Smith, the alleged offense having occurred in King county, Washington, September 26, 1946. The defendant entered a plea of not guilty, and, upon his trial, the jury returned a verdict of guilty as charged. After overruling defendant's motions in arrest of judgment or, in the alternative, for a new trial, the trial court entered judgment declaring the defendant guilty of the crime with which he was charged and sentencing him to confinement in the state penitentiary for not more than ten years. From this judgment and sentence, the defendant appealed to this court.

184

Appellant assigns error upon the admission in evidence of a photograph of the complaining witness; upon rulings of the trial court sustaining objections interposed by the prosecution to questions propounded to the appellant while on the witness stand; upon the refusal of the trial court to give two instructions requested by appellant; upon the denial of appellant's challenge to the sufficiency of the evidence, which, in his brief, it is stated was made at the close of the state's case in chief; upon the denial of appellant's motion in arrest of judgment and his motion for a new trial, and upon the entry of the judgment appealed from. Appellant also assigns error upon certain alleged misconduct of the prosecuting attorney, contending that appellant's rights were prejudiced by such conduct.

From the evidence, it appears that, on the twenty-sixth day of September, 1946, appellant was riding upon a southbound city bus proceeding along First avenue and First avenue south in the city of Seattle; that the complaining witness, William L. Smith, and Russell Herigstead, a friend of his, boarded the bus at some point on First avenue, not far from its intersection with Madison street; that Smith was carrying two suits of his clothes which he had picked up at the cleaner's; that appellant was seated in the left-hand corner of the cross-seat in the back of the bus; that one Joseph Ostlie was sitting next to appellant; that Smith stood for a while, there being no vacant seat; that Herigstead was seated on the left side of the bus, facing the aisle, directly in front of appellant; that Herigstead was then holding Smith's clothes; that, after a short time, the seat on Ostlie's right was vacated and Smith sat down; that appellant commenced eating a crab or crabs which he was carrying in a newspaper or a paper bag; that he broke the crab shells, using a knife, and ate the meat.

Evidence was introduced to the effect that appellant was careless in disposing of the shells and that fragments, together with some of the liquid from the crab, landed on nearby passengers and upon Smith's clothing, which was held by Herigstead; that Smith requested appellant to stop distributing refuse from the crabs, but that appellant per-

sisted in doing so. Evidence introduced by the prosecution was to the effect that appellant used foul language, and that, when appellant rose from his seat to leave the bus, a fight occurred between appellant and Smith, with the result that Smith received a serious cut on his cheek and ear, inflicted by the knife which appellant had been using in breaking up and eating the crabs. Appellant admitted cutting Smith with his knife, but claimed he used the knife in self-defense. The prosecution's evidence tended to prove that appellant, without provocation, assaulted Smith with his knife and inflicted a serious injury upon him; while evidence was introduced on behalf of appellant to the effect that, when he rose to leave the bus, he was kicked by Smith or some other person. In any event, it is evident that a fracas occurred, and that Smith suffered a serious injury. The jury believed the testimony introduced by the prosecution to the effect that appellant committed an assault upon Smith, and the evidence supports the jury's findings in this particular.

■ During the course of the trial, the prosecution offered in evidence a photograph of Smith, showing his face bandaged, Smith testifying that the photograph was taken about four days after the infliction of the injury. Appellant objected to the offered evidence, contending that the photograph was self-serving; that no testimony was offered as to who took the photograph, and that the offered evidence was immaterial and prejudicial and was admitted without any proper foundation having first been laid.

The ruling of the trial court in admitting the photograph will not be reviewed on appeal, in the absence of a showing of abuse of discretion, and no such showing is disclosed by the evidence before us. 4 Jones Commentaries on Evidence (2d ed.) 3219, § 1752. In admitting the photograph in evidence, the trial court did not commit error. *State v. Fateh-Mohamed,* 76 Wash. 462, 136 Pac. 676; *State v. Arnold,* 144 Wash. 367, 258 Pac. 20; *State v. Wolfsen,* 154 Wash. 383, 282 Pac. 216; *State v. Clark,* 21 Wn. (2d) 774, 153 P. (2d) 297. In the case at bar, we see no possible prejudice to appellant in the admission of the photograph in evidence.

■ Appellant contends that the prosecuting attorney, conducting the trial on behalf of the state, was guilty of misconduct in bringing before the jury a coat, having the same marked for identification, and asking a witness if the coat resembled that worn by Smith at the time of the fight with appellant. The coat was not offered in evidence by the prosecution, and it does not appear that appellant requested the court to make any ruling on the matter or instruct the jury concerning the same. While the acts of the prosecuting attorney in causing the coat to be exhibited to the jury, interrogating a witness concerning the same, and having the coat marked for identification but not offering it in evidence, are nowise to be commended, and while, under certain circumstances, such conduct might constitute error, upon the record before us, appellant's assignment of error in this connection is without merit.

It was appellant's contention, supported by his testimony at the trial, that appellant, in striking Smith in the face with his knife, acted in self-defense. Appellant, under his third assignment of error, argues that the trial court refused to allow him to testify "as to the state of his mental condition at the time of the occurrence regarding whether he was in fear of great bodily harm being done him." The trial court permitted the appellant to testify that he was in fear. The record discloses no error on the part of the trial court in connection with this phase of the trial.

Appellant contends that the trial court erred in not reading to the jury two instructions which appellant states that he proposed. These instructions concerned the right of one assaulted to defend himself and the right of self-defense generally. The statement of facts contains three instructions, headed defendant's proposed instructions, placed in the statement after the instructions given by the court. The statement also discloses that, after the arguments to the jury by respective counsel, the court told the jury that they would retire to the jury room to deliberate upon their verdict, whereupon appellant's counsel said: "If Your Honor please, the defendant excepts to the refusal of the Court to give the instructions requested by the Defendant."

■ Appellant's counsel stated no grounds for his exception, nor does the record disclose that he ever requested the court to give these or any other instructions, or that appellant's exception was noted by the court or argued or explained in any way. In view of this state of the record, appellant may not predicate error upon the court's failure or refusal to give to the jury any instructions which appellant desired. Rule of Practice 12(5), 18 Wn. (2d) 41-a; Rule of Practice 10, 18 Wn. (2d) 39-a; *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035; *Wintermute v. Department of Labor & Industries,* 183 Wash. 169, 48 P. (2d) 627; *Hansen v. Columbia Breweries, Inc.,* 12 Wn. (2d) 554, 122 P. (2d) 489; *State v. Scott,* 20 Wn. (2d) 696, 149 P. (2d) 152.

■ Under this assignment of error, appellant also argues that, in some manner, appellant was prejudiced by the giving of an instruction by the court (to which he did not except), which, in his brief, appellant states "appears as an instruction requested or proposed by the defendant, when in fact, the defendant did not request such instruction." Appellant states that the matter was called to the attention of the trial court, but does not, in his brief, point out any portion of the statement of facts where the instruction is referred to.

In connection with the matters last discussed, the record discloses no error.

Appellant next assigns error upon the denial of his challenge to the sufficiency of the evidence at the close of the case, and upon the denial of his motion for a new trial and of his motion in arrest of judgment. Appellant contends that his motions should have been granted, arguing that the prosecution failed to prove that the crime alleged was committed in King county, Washington. The record does not disclose that appellant challenged the sufficiency of the evidence at the close of the trial, but does show that, after the verdict, appellant moved for arrest of judgment upon the ground above-mentioned, and moved for a new trial, and that these motions were denied.

■ Appellant argues that the state failed to prove a necessary element of the crime charged, in that there was no

direct evidence that the crime occurred in King county, Washington. Of course, proof of venue is necessary in a criminal prosecution. Such proof is not an element of the crime, but is a matter of venue in determining the proper forum before which a defendant may be tried. In 14 Am. Jur. 930, Criminal Law, § 233, is found the following:

"Constitutional right to be tried in the county in which an offense is committed is a personal privilege which may be waived."

In 22 C. J. S. 267, § 176, the rule is stated as follows:

"The right which the constitution gives to an accused to be tried in the county in which the offense was committed or his right to object to the locality of the trial generally is a personal privilege and may be waived by him."

A defendant in a criminal prosecution may waive the right to be tried in the county where the alleged offense was committed. *State ex rel. Howard v. Superior Court,* 88 Wash. 344, 153 Pac. 7; *Davis v. People,* 83 Colo. 295, 264 Pac. 658; *State v. Shroyer,* 49 N. M. 196, 160 P. (2d) 444.

In the case at bar, however, the record contains ample evidence that the offense was committed in King county, and the jury was justified in so finding. The testimony shows beyond question that the assault was committed in a Seattle city bus which was proceeding in a southerly direction along First avenue, and that the assault occurred not far from the crossing of First avenue south and east Marginal way. One witness testified that he boarded the bus at First avenue and Seneca street, another at First avenue and Pike street. Appellant's witness, Mamie Bailey, testified that she was in Seattle, September 26, 1946, and that she boarded the bus, on which the fight took place, at First avenue and Pike street. Smith testified that, from the scene of the fracas, he was taken to the King county hospital. Appellant testified that he was employed at Todd's shipyard.

In the case of *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123, we said:

"It is next urged that the state failed in its proofs of venue. It is true that no witness testified directly that the offense was committed in the county in which the venue was laid,

but there was abundant evidence otherwise before the jury to show the situs of the crime. It is not essential, in order to prove venue, that some witness testify directly that the offense was committed in a designated county. It is enough if it appears at the trial indirectly that the venue is properly laid. Here the evidence leaves no doubt as to the fact, and the proofs were sufficient under our repeated holdings. [Citing cases.]"

Our opinions in the cases of *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684, and *Spokane v. Knight,* 96 Wash. 403, 165 Pac. 105, are to the same effect.

■ The court will take judicial notice of the fact that the city of Seattle is in King county.

The trial court did not commit error in denying appellant's motion in arrest of judgment and his motion for a new trial.

The judgment appealed from is affirmed.

MALLERY, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.