THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM F. ESCUE, *Appellant*.

*Irving C. Paul, Jr.,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *James E. Warme, Deputy,* for respondent.

SWANSON, J.—William F. Escue[1] appeals from a conviction of robbery on the sole ground that the state failed to prove venue, *i.e.,* that the alleged crime took place in King County.

Appellant relies upon Const. art. 1, § 22 (amendment 10) which gives an accused the right to be tried in the county in which the offense allegedly occurred. There is insufficient evidence, appellant argues, to support the jury's finding that the alleged robberies occurred in King County.

■ Proof of venue is necessary in a criminal prosecution, but it is not an element of the crime. *State v. Hardamon,* 29 Wn.2d 182, 186 P.2d 634 (1947). Neither is it a question of jurisdiction. *State v. Miller,* 59 Wn.2d 27, 365

[1]Codefendant Campbell does not appeal, but Herbert E. Thomas has filed a separate appeal.

P.2d 612 (1961). It is a right which can be waived, *State ex rel. Howard v. Superior Court*, 88 Wash. 344, 153 P. 7 (1915); *State v. Lane*, 40 Wn.2d 734, 246 P.2d 474 (1952), and proof of venue is waived if it is not challenged. *State v. Miller, supra, State v. Hardamon, supra.*

Not until the verdict was in and the trial concluded did appellant Escue challenge the sufficiency of the state's proof of venue. A failure to challenge the state's proof of venue at some point during the trial waives any objection to venue. This question was first presented in appellant's post-trial motion for arrest of judgment, which comes too late. In the only case our research has disclosed that our Supreme Court has considered a similar delayed challenge to proof of venue, *State v. Neadeau*, 137 Wash. 297, 298, 242 P. 36 (1926), the court stated:

> It is first claimed that the venue was not sufficiently proven. The trial was being had in Snohomish county, and there was evidence that the offense was committed at Pinehurst in that county. The question was not raised until after verdict and upon motion for a new trial. To now hold, when no substantial right of the appellant has been invaded, that the venue was not sufficiently proven seems to us would be too technical.

We have passed the time when trials are conducted by ambush rather than by a search for the truth. Our Supreme Court observed in *State v. Stacy*, 43 Wn.2d 358, 367, 261 P.2d 400 (1953):

> Due process and fair play regarding criminal defend-
> ants do not require a criminal trial to be a game of chance with all of the odds heavily weighted in favor of the defendant. . . . It seems fairly obvious that the ultimate in a criminal trial should be the ascertainment of the truth; that is, whether the accused is innocent and should be set free, or whether the accused is guilty and should be incarcerated for the protection of society. Again, it should not be a matter of luck or perhaps misadventure of one of the contestants during the course of a trial; nor should the outcome depend substantially upon the skill or luck of the attorney representing one side of the controversy.

■  Further, even though there was no direct statement by any witness that the crime was committed in King County, a review of the evidence discloses many references to places and addresses recognized to be located within King County. In addition, there was direct testimony that shortly after the crime was committed, appellant Escue was at a private residence located in south King County. The early case of *State v. Kincaid,* 69 Wash. 273, 275, 124 P. 684 (1912), adopted this statement from H. Underhill, Criminal Evidence 61 (2d ed. 1910):

> For it has been repeatedly held where there is no direct testimony showing the venue that if there are references in the evidence to streets, public buildings or other landmarks at or near the scene of the crime, which are either known to the members of the jury or which may probably be familiar to them, the jury may safely presume that the venue has been proved."

Direct testimony that the offense was committed in King County is not necessary. It is enough if it indirectly appears that the venue was properly laid. *State v. Smith,* 65 Wn.2d 372, 397 P.2d 416 (1964). The state presented sufficient evidence to justify submitting the issue of venue to the jury.[2]

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.

---

[2]Appellant does not assign error to any of the instructions given, including the instruction on venue, and so concedes that the record contains sufficient evidence to support the instruction on venue.