[No. 10756–2–II. Division Two. February 15, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. PATRICK V. CHILES, *Respondent.*

*Arthur D. Curtis, Prosecuting Attorney,* and *Therese M. Lavallee* and *Diane M. Woolard, Deputies,* for petitioner.

*Mark W. Muenster* and *Steven W. Thayer,* for respondent.

PETRICH, J.—This court accepted the State's request for discretionary review of the Clark County Superior Court's decision on review affirming the District Court's dismissal

of nine complaints of public indecency[1] against the defendant Patrick Chiles. RAP 2.3(d)(1), (3). The issue we are asked to resolve is whether the indecent exposure of the defendant while inside his home in such a manner as to be readily observed by pedestrians on the public sidewalk outside the home satisfies the requirement of former RCW 9A.88.010, that the conduct proscribed must occur in a public place. *State v. Sayler,* 36 Wn. App. 230, 673 P.2d 870 (1983). We reverse, holding that such exposure was proscribed by the statute then in effect.

Nine separate complaints charging public indecency were scheduled for a trial to the jury. The trial dates were continued and the defendant moved for an order of dismissal claiming that the evidence would not support a public indecency charge, because the alleged exposure occurred within the privacy of his home. In support of this motion the parties stipulated that, on the various occasions charged in the complaints, the defendant, while standing before an unveiled window in the second story of his home, exposed "his genitals" to a "passerby on the sidewalk outside his residence." The stipulation, together with a photograph of the home viewed from the sidewalk, was submitted to the court for a ruling on the motion. The District Court concluded that the exposure of the defendant did not satisfy the requirement of the statute as interpreted by *Sayler,* and dismissed all nine complaints. The decision was affirmed on the State's appeal to superior court.

At oral argument this court, sua sponte, raised the question of whether the State could appeal from the District Court's judgments of dismissal.

The double jeopardy provision of article 1, section 9 of our state constitution, which is interpreted the same as its

---

[1]At the time of the alleged offenses, RCW 9A.88.010 in pertinent part provided:

"A person is guilty of public indecency if he makes any *open* and obscene exposure of his person . . . knowing that such conduct is likely to cause reasonable affront or alarm." (Italics ours.) Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.88-.010, at 856.

counterpart in the Fifth Amendment as interpreted by the United States Supreme Court, bars the State's appeal from an acquittal in justice court. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). Furthermore, the double jeopardy provision of the Fifth Amendment, which applies to state prosecutions, *Greene v. Massey,* 437 U.S. 19, 24, 57 L. Ed. 2d 15, 98 S. Ct. 2151 (1978), precludes the government's appeal from the trial court's judgment of acquittal for failure to prove a crime after the discharge of a deadlocked jury. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977).

While in an appropriate case the double jeopardy provisions of the state and federal constitutions may bar an appeal by the State from a dismissal of charges as well as a retrial of the same charges, the bar only applies where jeopardy has attached in the first instance.

Jeopardy means exposure to danger and does not attach unless there is a risk of a determination of guilt. *Serfass v. United States,* 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975). In jury trials, jeopardy attaches when the jury is sworn, *Downum v. United States,* 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963), and it attaches in a bench trial when the court begins to hear evidence. *McCarthy v. Zerbst,* 85 F.2d 640 (10th Cir. 1936).

The Supreme Court in *Serfass v. United States, supra,* explained why jeopardy did not attach on a pretrial dismissal of charges that defendant failed to report for induction in the armed forces, where the dismissal was granted because, as shown by the affidavit and stipulation of the parties, the draft board did not state adequate reasons for refusing to reopen the defendant's file in the face of a prima facie claim of conscientious objector status:

> Petitioner [defendant] was not then, nor has he ever been, "put to trial before the trier of facts." The proceedings were initiated by his motion to dismiss the indictment. Petitioner had not waived his right to a jury trial, and, of course, a jury trial could not be waived by him without the consent of the Government and of the

court. In such circumstances, the District Court was without power to make any determination regarding petitioner's guilt or innocence . . . At no time during or following the hearing on petitioner's motion to dismiss the indictment did the District Court have jurisdiction to do more than grant or deny that motion, and neither before nor after the ruling did jeopardy attach.

(Citations omitted.) *Serfass v. United States,* 420 U.S. at 389.

A similar situation is before us here. The question of guilt or innocence was never put to the Clark County District Court. The record discloses that all charges were set for trial by jury. There was no waiver of the jury. The District Court could do no more than grant or deny defendant's motion. It was not empowered with the authority to determine the guilt or innocence of the accused. Jeopardy did not attach. The State's appeal is not barred by the double jeopardy provisions of our state or federal constitutions.

We now address the question of whether the dismissal of the charges is justified by *State v. Sayler, supra.* In *Sayler,* the court was asked to determine whether indecent exposure to young victims within the confines of the defendant's garage was proscribed by RCW 9A.88.010 as it then existed. We there concluded that the defendant's conduct did not amount to a violation because it occurred in a private rather than a public place, and the forbidden conduct is that which occurs in an public place.

There is no statutory definition of public place. However, RCW 9A.04.060 provides that the provisions of the common law relating to criminal offenses, so long as they are not inconsistent with the constitution and statutory scheme, shall supplement the State's penal statutes. *State v. Edwards,* 104 Wn.2d 63, 701 P.2d 508 (1985) (the common law year and a day rule of ensuing death adopted as a constituent element of the crime of murder in the absence of the statutory provision to the contrary).

██ Indecent exposure at common law consists of exposure in public of the entire person or of parts that should not be exhibited. Exposure is in a public place if it occurs at a place open or exposed to the view of the public. *Messina v. State*, 212 Md. 602, 130 A.2d 578 (1957). The public place provision of the common law offense is not inconsistent with the statute. Here, the record clearly establishes that the defendant indecently exposed his person to the view of passersby walking along a public thoroughfare. These facts satisfy the statutory requirement of former RCW 9A.88.010, as interpreted by *Sayler*, that the indecent exposure must occur in a public place.

Reversed and remanded to the District Court for further proceedings.

ALEXANDER, C.J., and REED, J., concur.