[No. 27108-3-I.   Division One.   January 21, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. LOVELL WILLIAM McCORKELL, *Appellant*.

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Whisman, Deputy,* for respondent.

BAKER, J. — Lovell W. McCorkell appeals his conviction for possession of cocaine, alleging the trial court erred in instructing the jury that venue had been proven by the State. We affirm.

## I

A Seattle police officer testified that he was traveling with another officer in a marked patrol car on the 1400 block of 22nd Avenue. Near the intersection of 22nd and East Union, he observed appellant drop a small dark object onto the ground. The officers stopped to investigate appellant for a littering citation. The object was found to be a Kleenex wrapped around a bindle of cocaine. One of the officers testified that at the time of these events, they were working the "third watch".

After the State rested, the defense moved to dismiss on the ground that the State had failed to make a prima facie case on each element of the crime. The court denied the motion and also denied the State's motion to reopen to present direct evidence of venue. Instead, the court took judicial notice that the intersection of 22nd Avenue and Union Street was within Seattle and King County, and so instructed the jury.

Appellant was convicted of possession of cocaine and sentenced within the standard range. This appeal followed.

## II

Article 1, section 22 of the Washington State Constitution provides, in pertinent part: "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury *of the county in which the offense is charged to have been committed*[.]" (Italics ours.) CrR 5.1(a) provides:

(a) **Where Commenced.** All actions shall be commenced:
(1) In the county where the offense was committed;
(2) In any county wherein an element of the offense was committed or occurred.

■ Proper venue is not an element of a crime, *State v. Hardamon*, 29 Wn.2d 182, 188, 186 P.2d 634 (1947), and is not a matter of jurisdiction. *State v. Escue*, 6 Wn. App. 607, 607-09, 495 P.2d 351 (1972). Rather, proper venue is a constitutional right which is waived if a challenge is not timely made. *State v. Harris*, 48 Wn. App. 279, 282, 738 P.2d 1059, *review denied*, 108 Wn.2d 1036 (1987); *State v. Escue, supra.* Direct testimony is not necessary to prove venue. It is enough if it indirectly appears that the venue was properly laid. *State v. Johnson*, 45 Wn. App. 794, 796, 727 P.2d 693 (1986), *review denied*, 107 Wn.2d 1035 (1987); *State v. Escue, supra.*

The two officers who arrested appellant testified that they were Seattle police officers on a regular beat. They testified the offense took place on 22nd Avenue near Union Street. This was sufficient evidence from which a jury reasonably could have concluded that the offense occurred in Seattle, and that venue in King County was proper.

■ However, the trial judge did not submit this question to the jury. Instead, he instructed the jury that venue had been proven. Appellant argues that this violated article 4, section 16 of the Washington State Constitution which provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Appellant cites no case in which taking judicial notice of proper venue was considered to be an improper charge to the jury. In fact, the Supreme Court has stated that a trial court may do just that. *See State v. Dennison*, 72 Wn.2d 842, 844, 435 P.2d 526 (1967) (the court may take judicial notice that a well-known lake or a particular town or city is located within the boundaries of the county); *State v. Young*, 39 Wn.2d 910, 914, 239 P.2d 858 (1952) ("[t]he superior court for King county, Washington, holding court in Seattle,

may take judicial notice of the fact that Seattle is in King county, Washington").

We question the logic of prior decisions which state that proof of venue is "necessary" in a criminal trial. *See State v. Hardamon*, 29 Wn.2d at 188; *accord, Harris*, 48 Wn. App. at 281-82; *Escue*, 6 Wn. App. at 607-08; *see also* WPIC 4.21. *Hardamon* cites no authority for its statement that "[o]f course, proof of venue is necessary in a criminal prosecution." *Hardamon*, 29 Wn.2d at 188. Since venue is a constitutional right which may be waived if not timely asserted, and since venue is neither an element of the crime nor a matter of jurisdiction, there is no apparent basis for requiring proof of venue as a matter of course in state criminal prosecutions, where no venue issue has been raised.

■ In any event, appellant waived his challenge to venue by waiting until the end of the State's case to present it. *Harris*, 48 Wn. App. at 282. While prior cases make it clear that a defendant's constitutional right to proper venue is waived if not timely asserted, none has defined the boundaries of timeliness.[1] We hold that a criminal defendant waives any challenge to venue by failing to present it by the time jeopardy attaches. Jeopardy attaches in a jury trial when the jury is sworn and in a bench trial when the court begins to hear evidence. *State v. Chiles*, 53 Wn. App. 452, 454, 767 P.2d 597 (1989).

■ We also affirm the trial court's ruling on a second ground. If there was any error here it was harmless beyond a reasonable doubt, since any reasonable jury would have concluded the offense took place in King County. *State v. Guloy*, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986).

---

[1] One specific circumstance is addressed by the criminal rules. Where there is reasonable doubt as to whether an offense was committed in one of two or more counties and the action is commenced in one of them, the defendant must move for change of venue as soon after the initial pleading is filed as the defendant has knowledge upon which to make the motion. CrR 5.1(c).

Appellant's conviction is affirmed.

GROSSE, C.J., and FORREST, J., concur.

Review denied at 119 Wn.2d 1004 (1992).