954 P.2d 900 (1998)
135 Wash.2d 97
STATE of Washington, Respondent,
v.
James D. HICKMAN, Petitioner.
No. 65141-8.
Supreme Court of Washington, En Banc.
Argued October 28, 1997.
Decided April 30, 1998.
Nielsen & Broman, Eric Nielsen, David Koch, Seattle, for Petitioner.
*901 Jim Krider, Snohomish County Prosecutor, Constance Crawley, Deputy County Prosecutor, Everett, for Respondent.
SANDERS, Justice.
We review a Court of Appeals decision affirming petitioner's conviction for insurance fraud. The issue is whether venue of the crime becomes an element for the State to prove under the "law of the case" doctrine when it is given to the jury without objection in the "to convict" instruction, and if so, whether the State proved venue here.
We conclude elements in the "to convict" instruction not objected to become the "law of the case" which the State must prove beyond a reasonable doubt to prevail. By acquiescing to jury instructions which included venue as a necessary element to convict, even though it really is not an element, the State assumed the burden of proving venue; it however failed to do so. The conviction is reversed and the charges are dismissed with prejudice.

Facts
James D. Hickman was tried for insurance fraud[1] in Snohomish County Superior Court. The information charged Hickman with presenting, or causing to be presented, in Snohomish County, a false or fraudulent insurance claim.
Trial testimony reveals that 23-year-old Hickman purchased an expensive 1990 Ford Mustang following high school graduation. Some time thereafter Hickman moved to Hawaii and left the car in Washington with a friend. The location where Hickman left the car was not adduced at trial.
After Hickman had been in Hawaii for some time, two acquaintances from Washington contacted him while vacationing there and proposed they fake a theft of Hickman's car for financial gain. According to these individuals, who traded immunity for testimony, Hickman finally agreed to have them "steal" his car. After their return they "stole" the car and sold it for parts. Hickman's friend who was caring for the car called the police to report the car stolen. Hickman called his insurance company, located in Kent, King County, Washington, from Hawaii to file a claim on his car. The insurance company paid the balance on the loan.
While the trial was held in Snohomish County, the only two references to Snohomish County were made by the Snohomish County Sheriff, who testified that he received a call reporting the car stolen "off Logan Road" without specification as to the Logan Road location, and by the sheriff's deputy who testified he located the stripped car hulk on a rural road in Snohomish County. That was the extent of the evidence regarding Snohomish County. With that, the State charged Hickman by information with committing the crime of insurance fraud "in Snohomish County, Washington" (Clerk's Papers (CP) at 55), and agreed to jury instructions which required Snohomish County venue to be proved as an element of the crime.
The to convict instruction provided:
To convict the defendant of the crime of Insurance Fraud, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That the defendant, James Hickman, on or about the 1st day of July, 1992, to the 31st of August, 1992, did knowingly present or cause to be presented a false or fraudulent claim or any proof in support of such a claim, for the payment of a loss under a contract of insurance; and
(2) That the false or fraudulent claim was made in the excess of One Thousand Five Hundred Dollars ($1,500); and

(3) That the act occurred in Snohomish County, Washington. *902 CP at 33 (Instruction No. 6) (emphasis added).
Following deliberations the jury returned a guilty verdict. At sentencing the court imposed 80 hours' community service and 12 months' community supervision with restitution to follow.
Hickman appealed, arguing the State assumed the burden to prove Snohomish County venue but failed to do so. The Court of Appeals rejected Hickman's claim and affirmed. State v. Hickman, 84 Wash.App. 646, 929 P.2d 1155 (1997). We granted review. State v. Hickman, 132 Wash.2d 1006, 940 P.2d 653 (1997).

Law of the Case
The law of the case is an established doctrine with roots reaching back to the earliest days of statehood.[2] Under the doctrine jury instructions not objected to become the law of the case. State v. Hames, 74 Wash.2d 721, 725, 446 P.2d 344 (1968) ("`The foregoing instructions were not excepted to and therefore, became the law of the case.'") (quoting State v. Leohner, 69 Wash.2d 131, 134, 417 P.2d 368 (1966)); State v. Salas, 127 Wash.2d 173, 182, 897 P.2d 1246 (1995) ("[I]f no exception is taken to jury instructions, those instructions become the law of the case."). In criminal cases, the State assumes the burden of proving otherwise unnecessary elements of the offense when such added elements are included without objection in the "to convict" instruction. State v. Lee, 128 Wash.2d 151, 159, 904 P.2d 1143 (1995) ("Added elements become the law of the case... when they are included in instructions to the jury.") (citing State v. Hobbs, 71 Wash. App. 419, 423, 859 P.2d 73 (1993); State v. Rivas, 49 Wash.App. 677, 683, 746 P.2d 312 (1987)). See also State v. Barringer, 32 Wash.App. 882, 887-88, 650 P.2d 1129 (1982) ("Although the charging statute ... did not require reference to [the added element], by including that reference in the information and in the instructions, it became the law of the case and the State had the burden of proving it.") (citing State v. Worland, 20 Wash.App. 559, 565-66, 582 P.2d 539 (1978)), overruled in part on other grounds by State v. Monson, 113 Wash.2d 833, 849-50, 784 P.2d 485 (1989).
On appeal, a defendant may assign error to elements added under the law of the case doctrine. State v. Ng, 110 Wash.2d 32, 39, 750 P.2d 632 (1988) (because the State failed to object to the jury instructions they "are the law of the case and we will consider error predicated on them." (citations omitted)). Such assignment of error may include a challenge to the sufficiency of evidence of the added element. Barringer, 32 Wash. App. at 887-88, 650 P.2d 1129; Schatz v. Heimbigner, 82 Wash. 589, 590, 144 P. 901 (1914) ("These alleged errors are not available to the appellants, because they are at cross purposes with the instructions of the court to which no error has been assigned. There is but one question open to them; that is, Is there sufficient evidence to sustain the verdict under the instructions of the court?"); Tonkovich v. Department of Labor & Indus., 31 Wash.2d 220, 225, 195 P.2d 638 (1948) ("It is the approved rule in this state that the parties are bound by the law laid down by the court in its instructions where, as here, the charge is approved by counsel for each party, no objections or exceptions thereto having been made at any stage. In such case, the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions....").[3]
When determining whether there is sufficient evidence to prove the added element, *903 the reviewing court inquires "`whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Green, 94 Wash.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). If the reviewing court finds insufficient evidence to prove the added element, reversal is required. Lee, 128 Wash.2d at 164, 904 P.2d 1143; Hobbs, 71 Wash.App. at 425, 859 P.2d 73. Retrial following reversal for insufficient evidence is "unequivocally prohibited" and dismissal is the remedy. State v. Hardesty, 129 Wash.2d 303, 309, 915 P.2d 1080 (1996) ("The double jeopardy clause of the Fifth Amendment to the U.S. Constitution protects against a second prosecution for the same offense, after acquittal, conviction, or a reversal for lack of sufficient evidence.") (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled in part on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)).
Hickman relies on State v. Hobbs, 71 Wash.App. 419, 423, 859 P.2d 73 (1993) as dispositive in his favor. In Hobbs the State acquiesced to adding venue of the crime as an added element in the "to convict" instruction. Id. at 420, 859 P.2d 73. The court applied the law of the case doctrine and concluded that while "[v]enue is not an element of the crime," once it is given to the jury as an instruction it becomes an added element which "the State assumes the burden of proving." Id. at 423, 859 P.2d 73 (citing State v. Worland, 20 Wash.App. 559, 566, 582 P.2d 539 (1978); State v. Hawthorne, 48 Wash.App. 23, 27, 737 P.2d 717 (1987)). Because the State failed to prove venue, defendant's conviction was reversed.[4]
The same division of the Court of Appeals which decided Hobbs now declines to follow that ruling, concluding this court rejected Hobbs in State v. Dent, 123 Wash.2d 467, 869 P.2d 392 (1994). Hickman, 84 Wash.App. at 653, 929 P.2d 1155. But we did not and Hobbs remains good law.[5] In Dent, defendants were convicted of conspiring to commit first degree murder. On appeal they argued venue of the crime should have been included as an element in the "to convict" instruction. Dent, 123 Wash.2d at 479, 869 P.2d 392. We simply held while the state constitution requires trial in the county where the crime was committed,[6] venue is not an element of the offense. Id.[7] We then noted defendants' failure to request the desired instruction or object to those actually given waives any objection on appeal as "[i]t is elementary that timely exceptions [to proposed jury instructions], before the reading of the instructions to the jury, are necessary...." Id.
We concluded that because venue was not requested by the defendant, and because it is not otherwise a necessary element of murder, there was no error. Id. at 478-79, 869 P.2d 392.
Dent enunciated two rules: (1) venue is not a necessary element of conspiracy to commit murder; and (2) the parties will be bound by the instructions given at trial unless they timely object at trial. Dent is in harmony with Hobbs and all precedent on the law of the case doctrine. Indeed, Dent *904 upholds law of the case by stressing that the parties must object to jury instructions before they are given on penalty of forfeiture of such objection. We hold the law of the case applies with equal force when the added element is venue.
The State asks, in the alternative, the law of the case doctrine be abandoned. However, we note the law of the case doctrine benefits the system by encouraging trial counsel to review all jury instructions to ensure their propriety before the instructions are given to the jury. Moreover, the doctrine is well established by multiple precedent and is encapsulated in criminal rule CrR 6.15(c), which requires all objections to jury instructions be made before the instructions are given to the jury. The State's offer is one we can refuse.
Here the State acquiesced to jury instructions which included venue as an additional element. Accordingly, venue became an element for the State to prove in order to prevail. The doctrine applies here and the Court of Appeals erred by not so recognizing.
The only remaining question is whether the State proved the added element of venue. Insurance fraud is defined as to "knowingly present or cause to be presented a false or fraudulent claim...." CP at 33 (Jury Instruction No. 6). Thus, the inquiry is whether the State offered sufficient evidence that Hickman presented or caused to be presented a false insurance claim in Snohomish County. When Hickman allegedly called his insurance company to submit the fraudulent claim, he was in Hawaii while his insurance company was in King County. The relevant reference to Snohomish County was the Snohomish County Sheriff's testimony that he had been called, following the theft of the vehicle, to an address "off Logan Road." Even assuming Logan Road is somewhere in Snohomish County and only in Snohomish County, such evidence simply does not demonstrate Hickman knowingly presented or caused to be presented a fraudulent insurance claim in Snohomish County. We reverse and dismiss.
SMITH, JOHNSON, MADSEN and ALEXANDER, JJ., concur.
TALMADGE, Justice, dissenting.
I write separately in this case because James Hickman waived his right to raise issues regarding venue. The majority's decision is at odds with prior Washington venue cases and our decision in State v. Dent, 123 Wash.2d 467, 869 P.2d 392 (1994), muddling our jurisprudence on venue in a criminal case.
Lost in the majority's analysis are two critical facts: Hickman himself presented the "to convict" jury instruction, instruction 6, to the trial court and he did not raise the issue of sufficiency of the evidence of venue until he appealed his insurance fraud conviction to the Court of Appeals. Cf. Clerk's Papers at 33, 47. Hickman erroneously included a requirement that the act of insurance fraud occur in Snohomish County, Washington, as part of the elements of the offense in the "to convict" instruction. The State did not object to this erroneous instruction. As a consequence, the majority concludes venue constitutes an element of insurance fraud under the law of the case doctrine. Majority op. at 902-903. Such disposition is not supportable under the rules for assignment of error regarding venue which we recognized in Dent.
Hickman's tardy assertion of the venue issue is crucial. Under our case law regarding venue, Hickman waived any argument regarding the sufficiency of the evidence of venue.
In Dent, we reiterated the long-held rule in Washington that venue need not be proved beyond a reasonable doubt and further made clear venue is not an element of the crime which must be so proved. See Dent, 123 Wash.2d at 479, 869 P.2d 392 (noting venue need not be proved beyond a reasonable doubt, direct evidence of venue is not required, and circumstantial evidence may establish proper venue) (citing State v. Hardamon, 29 Wash.2d 182, 188, 186 P.2d 634 (1947); State v. Johnson, 45 Wash.App. 794, *905 796, 727 P.2d 693 (1986), review denied, 107 Wash.2d 1035 (1987); and clarifying State v. Marino, 100 Wash.2d 719, 727, 674 P.2d 171 (1984)). Moreover, the defendant may waive the right to challenge venue if the defendant fails to challenge venue by the time jeopardy attaches or, during the course of trial, if the issue of venue is raised for the first time in the case. In Dent, the defendant objected to the trial court's instruction to the jury on the elements of the offense which indicated venue was properly laid in the State of Washington and also objected to the trial court's failure to give the "to convict" instruction which included a requirement the State prove venue in Snohomish County beyond a reasonable doubt. Dent, 123 Wash.2d at 478, 869 P.2d 392. We stated at 479-80, 869 P.2d 392:
The defendant may waive the right to challenge venue. State v. Hardamon, supra at 188 [186 P.2d 634]. The essential question is what actions or inactions of the defendant constitute waiver? In other words, what must the defendant do to preserve a challenge to venue? State v. McCorkell, [63 Wash.App. 798, 801, 822 P.2d 795, review denied, 119 Wash.2d 1004, 832 P.2d 487 (1992)] states:
We hold that a criminal defendant waives any challenge to venue by failing to present it by the time jeopardy attaches. Jeopardy attaches in a jury trial when the jury is sworn and in a bench trial when the court begins to hear evidence.
We agree, in general principle, with that holding, but refinement is required. The facts of a particular case may call for different rules.
CrR 5.1(b) is the starting point for one possible scenario. It provides for the situation where there is reasonable doubt whether the offense has been committed in one of two or more counties. The right of a defendant to change to the other county is strictly time limited. CrR 5.1(c).[1]
Absent facts which require application of CrR 5.1, the defendant is required to raise the venue question at the omnibus hearing. CrR 4.5 is specific: "Failure to raise or give notice at the hearing of any error or issue of which the party concerned has knowledge may constitute waiver of such error or issue." CrR 4.5(d). There is no reason why this principle should not apply to a challenge to venue. Unless the defendant makes a showing of good cause for not raising the issue at the omnibus hearing, failure to do so constitutes a waiver. Although the record does not reflect whether the venue issue was raised at the omnibus hearing, at least as to Dent, waiver probably did not occur here because of Dent's pretrial motions for a change of venue to King County.
We recognize that evidence introduced during the trial may raise a question of venue for the first time. In such event, the defendant must raise the issue at the end of the State's case. If a defendant demonstrates a lack of any proof, the court should permit reopening, unless the defendant makes a showing of actual prejudice.
(Emphasis added.)
In discussing the waiver of venue in Dent, we made clear venue issues not raised by a defendant at trial were waived. We also cited with approval language from the 11 Washington State Pattern Jury InstructionsCriminal 4.21 cmt. (2d ed.1994) (WPIC) and State v. Brown, 29 Wash.App. 11, 14, 627 P.2d 132 (1981), which are dispositive of Hickman's case:
If the evidence reveals a genuine issue of fact about venue, it becomes a matter for resolution by the trier of fact. If it is a jury case, it will be a jury question. The instruction should require proof by a preponderance of the evidence, not beyond a reasonable doubt. We note some confusion from the Washington Pattern Jury Instructions which include venue in the "to convict" instruction requiring proof beyond a reasonable doubt. WPIC 4.21. Despite the form of the instruction, the official comment states that venue need not be proved beyond a reasonable doubt *906 and is waived if not challenged during the course of the trial. WPIC 4.21 comment. See State v. Brown, 29 Wash.App. 11, 14, 627 P.2d 132 (1981).
Dent, 123 Wash.2d at 480-81, 869 P.2d 392. In Brown, as in Hickman's case, the instruction at issue was based on WPIC 4.21, and the Court of Appeals rejected the same argument Hickman makes here, noting as follows:
To convict any defendant in a Washington court of a crime, the State must prove it has subject matter jurisdiction over that crime. RCW 9A.04.030. Under the Washington long-arm criminal jurisdiction statute, Washington has jurisdiction over any "person who commits an act without the state which affects persons or property within the state, which, if committed within the state, would be a crime." RCW 9A.04.030(5). No matter where Brown actually forged the 10 checks, Washington had criminal jurisdiction over these crimes because all the checks were passed in Washington and therefore affected persons and property within Washington.
Appellant Brown alleges the State failed to offer substantial evidence that he made or completed each of the 10 checks in King County. As the final "element" of each of the 10 "to convict" jury instructions, the State included the following language:
(3)That the acts occurred in King County, Washington.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty ...
Brown claims the plain meaning of this language that occurrence of the acts (venue) in King County had to be proved beyond a reasonable doubt became the law of the case. Because the State did not offer substantial evidence of venue, he argues the trial court should have dismissed each count when he challenged the sufficiency of the evidence in a motion for arrest of judgment.
Brown, 29 Wash.App. at 13-14, 627 P.2d 132. The Court of Appeals noted the governing law as follows:
[T]he situs of a crime is not an element of that crime but is a matter of venue. The State may prove venue by circumstantial evidence. It is sufficient if it appears at trial indirectly that the venue is properly laid.
Id. at 14, 627 P.2d 132 (citations omitted) (citing State v. Hardamon, 29 Wash.2d 182, 187-88, 186 P.2d 634 (1947); State v. Escue, 6 Wash.App. 607, 495 P.2d 351 (1972); State v. Stafford, 44 Wash.2d 353, 356, 267 P.2d 699 (1954); and State v. Smith, 65 Wash.2d 372, 397 P.2d 416 (1964)). While acknowledging the State produced evidence from which the jury could reasonably conclude the offenses took place in King County, the Court of Appeals also held: "Brown failed to object to venue until his motion for arrest of judgment so that he waived any objection." Brown, 29 Wash.App. at 15, 627 P.2d 132.
Likewise, in Escue, the defendant appealed his robbery conviction asserting the State's evidence was insufficient to support the jury's findings that the alleged robberies occurred in King County. The Court of Appeals opined:
Proof of venue is necessary in a criminal prosecution, but it is not an element of the crime. Neither is it a question of jurisdiction. It is a right which can be waived, and proof of venue is waived if it is not challenged.
Not until the verdict was in and the trial concluded did appellant Escue challenge the sufficiency of the state's proof of venue. A failure to challenge the state's proof of venue at some point during the trial waives any objection to venue. This question was first presented in appellant's post-trial motion for arrest of judgment, which comes too late.
Escue, 6 Wash.App. at 607-08, 495 P.2d 351 (citations omitted) (citing State v. Hardamon, 29 Wash.2d 182, 186 P.2d 634 (1947); State v. Miller, 59 Wash.2d 27, 365 P.2d 612 (1961); State ex rel. Howard v. Superior Court of Pacific County, 88 Wash. 344, 153 P. 7 (1915); State v. Lane, 40 Wash.2d 734, 246 P.2d 474 (1952)). In Escue, the Court of Appeals also quoted a passage from one of our earlier venue opinions regarding proof of venue:

*907 It is first claimed that the venue was not sufficiently proven. The trial was being had in Snohomish county, and there was evidence that the offense was committed at Pinehurst in that county. The question was not raised until after verdict and upon motion for a new trial. To now hold, when no substantial right of the appellant has been invaded, that the venue was not sufficiently proven seems to us would be too technical.
Escue, 6 Wash.App. at 608, 495 P.2d 351 (quoting State v. Neadeau, 137 Wash. 297, 298, 242 P. 36 (1926)).
The majority's opinion ignores all of the principles of waiver set forth in Dent, and simply assumes defendant's inclusion of venue as part of the elements of insurance fraud in the "to convict" instruction required the State to prove venue beyond a reasonable doubt. The State did not do so. But the case law cited above makes clear that by failing to timely raise questions regarding venue at the time of the omnibus hearing, or at the time of trial, Hickman waived any error on venue, even if couched as a challenge to the sufficiency of the evidence of venue.
This result is consistent with our criminal rules and fairness in the handling of the case. As the Court of Appeals in Escue noted: "[w]e have passed the time when trials are conducted by ambush rather than by a search for the truth...."
Due process and fair play regarding criminal defendants do not require a criminal trial to be a game of chance with all of the odds heavily weighted in favor of the defendant.... It seems fairly obvious that the ultimate in a criminal trial should be the ascertainment of the truth; that is, whether the accused is innocent and should be set free, or whether the accused is guilty and should be incarcerated for the protection of society. Again, it should not be a matter of luck or perhaps misadventure of one of the contestants during the course of a trial; nor should the outcome depend substantially upon the skill or luck of the attorney representing one side of the controversy.

Escue, 6 Wash.App. at 608, 495 P.2d 351 (quoting State v. Stacy, 43 Wash.2d 358, 367, 261 P.2d 400, 405 (1953)). Hickman's ambush trial tactics should not be condoned by this Court. I would affirm the Court of Appeals and Hickman's conviction for insurance fraud.
DURHAM, C.J., and DOLLIVER and GUY, JJ., concur.
NOTES
[1] RCW 48.30.230, making insurance fraud a crime, provides:

Any person, who, knowing it to be such:
(1) Presents, or causes to be presented, a false or fraudulent claim, or any proof in support of such a claim, for the payment of a loss under a contract of insurance; or
(2) Prepares, makes, or subscribes any false or fraudulent account, certificate, affidavit, or proof of loss, or other document or writing, with intent that it be presented or used in support of such a claim, is guilty of a gross misdemeanor, or if such claim is in excess of one thousand five hundred dollars, of a class C felony.
[2] In 1896, this court held "whether the instruction in question was rightfully or wrongfully given, it was binding and conclusive upon the jury, and constitutes upon this hearing the law of the case...." Pepperall v. City Park Transit Co., 15 Wash. 176, 180, 45 P. 743, 46 P. 407 (1896). In 1917, this court declared the law of the case doctrine to be "so well established that the assembling of the cases is unnecessary." Peters v. Union Gap Irr. Dist., 98 Wash. 412, 413, 167 P. 1085 (1917).
[3] The State asserts that Hickman may not challenge sufficiency of the evidence for the first time on appeal. This argument is without merit. Appeal is the first time sufficiency of evidence may realistically be raised. Further, this court has recently affirmed that a defendant may raise sufficiency of the evidence for the first time on appeal. State v. Alvarez, 128 Wash.2d 1, 9, 904 P.2d 754 (1995).
[4] Interestingly, the court in Hobbs reversed for insufficient evidence and then remanded for retrial. 71 Wash.App. at 425, 859 P.2d 73. Defendant did not seek review of the remand order, and it remains to be explained how a court can, consistent with Hardesty, reverse for insufficient evidence and not dismiss.
[5] Indeed, in State v. Lee, a unanimous opinion issued one year after Dent, this court relied on Hobbs in upholding law of the case. State v. Lee, 128 Wash.2d 151, 159, 904 P.2d 1143 (1995) ("Added elements become the law of the case ... when they are included in instructions to the jury.") (citing Hobbs, 71 Wash.App. at 423, 859 P.2d 73).
[6] Const. art. I, § 22 (amend. 10) provides the defendant the right "to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed...."
[7] Citing State v. Marino, 100 Wash.2d 719, 727, 674 P.2d 171 (1984) (`"The venue must be proved by the plaintiff but it need not be proved beyond a reasonable doubt; it is sufficient if venue can be reasonably inferred from the facts and circumstances ....'" (quoting 11 Washington Pattern Jury Instructions: Criminal 4.21 cmt.)).
[1] The pertinent part of CrR 5.1(c) states: Any objection to venue must be made as soon after the initial pleading is filed as the defendant has knowledge upon which to make it.