IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33821-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL LOUIS VILLANUEVA, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Michael Louis Villanueva was convicted of one count of

delivering a controlled substance and one count of possession of a controlled substance.

He appeals a school bus stop enhancement relating to the delivery conviction, arguing

that the evidence was insufficient to prove that the delivery occurred within 1,000 feet

of a school bus route stop. We reverse the bus stop enhancement and remand for

resentencing.

## FACTS

A confidential informant working with Toppenish police purchased

methamphetamine from Mr. Villanueva. During a subsequent search of Mr. Villanueva's

apartment, police found a small "baggie" of methamphetamine, two methamphetamine

pipes, and dominion and control paperwork. The State charged Mr. Villanueva with

unlawful delivery of a controlled substance and unlawful possession of a controlled

substance. The State also charged a school bus route sentencing enhancement on the delivery count.

At trial, the transportation director for the Toppenish school district testified that he designated the school bus route stops for the area in question and that the location of the delivery was within 1,000 feet of a school bus stop. A jury convicted Mr. Villanueva as charged. It also returned a special verdict finding that the delivery occurred within 1,000 feet of a school bus stop. At sentencing, the court imposed a standard range sentence of 37 months, which included a 24-month sentence enhancement based on the special verdict form.

## ANALYSIS

Mr. Villanueva argues that insufficient evidence supported the school bus route stop enhancement because the State failed to prove the seating capacity of the buses in question. He argues the trial court's enhancement of his sentence based on the jury findings must be reversed where the court's instructions defined a "school bus" as having a seating capacity of at least 11 seats, yet the State failed to present any evidence of seating capacity. The State responds that the definitional language in the instruction is "surplusage," arguing that it was not required to prove that a "school bus" stopped at the bus stop. Resp't's Brief at 3. This argument fails.

2

Proof of drug sales within 1,000 feet of a school bus stop may be relied on to increase the terms of imprisonment otherwise provided for the crime. RCW 69.50.435(1)(c). RCW 69.50.435(6)(c) defines "school bus route stop" as any stop designated by a school district.

We review a jury's special finding under the sufficiency of the evidence standard. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). Here, the special verdict form asked the jury whether the defendant "delivered a controlled substance to a person within one thousand feet of a school bus route stop designated by a school district?" Clerk's Papers (CP) at 77. Instruction 19 defined a "school bus" in part as "a vehicle that . . . has the seating capacity of more than 10 persons including the driver." CP at 71.

Under the law of the case doctrine, jury instructions not objected to become the law of the case. *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998). The law of the case doctrine applies to both elements instructions and definitional instructions. *State v. Calvin*, 176 Wn. App. 1, 21, 316 P.3d 496 (2013), *review granted in part*, 183 Wn.2d 1013, 353 P.3d 640 (2015); *Scoccolo Constr., Inc. v. City of Renton*, 158 Wn.2d 506, 522-23, 145 P.3d 371 (2006).

Instruction 19 was the only substantive instruction to guide the jury's determination of whether the drug sale occurred within 1,000 feet of a "school bus" stop. Because the

No. 33821-5-III
*State v. Villanueva*

State failed to object to the instruction, it became the law of the case. The State presented no evidence as to the seating capacity of the school buses that used the stop within 1,000 feet of the delivery. Accordingly, reversal of the school bus enhancement is required.

## CONCLUSION

We strike the bus route stop sentencing enhancement and remand for resentencing.

Mr. Villanueva requests we exercise our discretion to waive costs on appeal should the State substantially prevail. Because the State did not prevail in this appeal, it is not entitled to costs. RAP 14.2.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

4