[No. 35909-6-I.   Division One.   January 21, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES DOUGLAS HICKMAN, *Appellant.*

David B. Koch and Nielsen & Acosta, for appellant.
James H. Krider, Prosecuting Attorney, and Connie M. Crawley, Deputy, for respondent.

Cox, J. — James Hickman challenges his conviction for insurance fraud. He argues that the State assumed the burden of proving venue by failing to object to its inclusion as an element of the crime in a jury instruction. He further argues the evidence is insufficient to prove that element, and that we must therefore reverse his conviction. We disagree and affirm.

In February 1991, James Hickman bought a new Ford Mustang. He obtained a loan from Seafirst Bank to finance the purchase. During the time he owned the car, Hickman made a number of late loan payments. He ultimately stopped making any payments.

In June 1992, Hickman moved to Hawaii to take a job. He left his car with his roommate, Vernon Sherman, when he departed.

About a month later, Rob Litzenberger and Greg Foos went to Hawaii on vacation. Litzenberger had met Hick-

man in Washington and discussed with him a way of disposing of the car and relieving Hickman of his debt to Seafirst. Hickman had declined to agree to that plan. Once Litzenberger and Foos were in Hawaii, they contacted Hickman and further discussed the plan.

On the last night of their stay, Litzenberger and Foos went to a restaurant with Hickman. They discussed Hickman's car. According to Litzenberger, Hickman asked them to dispose of his car. Hickman indicated they could take it, dispose of it, and keep any proceeds. Before leaving the restaurant, Hickman threw the keys to the car on the bar and told Litzenberger that he could "drive it off a cliff."

On his return to Washington, Litzenberger went to Sherman's apartment, took the car, and drove it away. Sherman reported the car missing to the police. He also called Hickman in Hawaii to report the theft.

A Snohomish County police officer, Deputy Burnett, came to Sherman's apartment to take the theft report. Sherman reported the location of the theft as "off of Logan Road." Burnett then called Hickman in Hawaii, and Hickman confirmed that no one but Sherman had permission to possess the car.

Hickman spoke with Seafirst by telephone from Hawaii and reported that the car had been stolen while it was in Sherman's custody. The bank told Hickman that he needed to resolve his remaining debt to Seafirst.

Hickman then spoke with Balboa Insurance Company, the insurer of Seafirst's security interest in the car at the time it was stolen. Balboa is located in King County, Washington. Hickman confirmed by telephone with the Balboa representative that the car had been stolen and was recovered in a totaled condition. Balboa then paid off the bank's interest in the car.

Snohomish County police officers eventually recovered parts of Hickman's reportedly stolen car in Snohomish County. Photographs of the recovered car parts revealed that the ignition key was in the steering column. A Sno-

homish County detective then contacted Hickman and informed him that his car had been recovered and impounded. During an interview, Hickman admitted to the detective that he had benefited financially when the car disappeared.

The State charged Hickman with one count of insurance fraud. At trial, the defense offered the following jury instruction:

> To convict the defendant of the crime of Insurance Fraud, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> . . .
>
> (3) That the act occurred in Snohomish County, Washington.

The State did not object, and the court so instructed the jury. A jury found Hickman guilty as charged.

Hickman appeals.

## I

### Preservation of Error

Hickman argues on appeal that the State was required to prove that the crime of insurance fraud occurred in Snohomish County by not excepting to the instruction including venue as an element of the crime. On the basis of this premise, he contends that there was insufficient evidence at trial to prove that "element" of the crime of insurance fraud.

Hickman's challenge to the sufficiency of the evidence rests on the underlying premise that venue is an element of the crime of insurance fraud that the State was required to prove. At no time did Hickman make this argument to the trial court.

At oral argument, Hickman asserted that he may raise the issue of lack of proof of venue for the first time on appeal as a challenge to the sufficiency of the evidence. In

support of that proposition, he cites *Bennett v. Hardy*.[1] That was an age discrimination case in which our Supreme Court considered whether certain issues were properly preserved for review. The court observed that there are exceptions to the general rule that precludes appellate review of issues the trial court had no opportunity to consider and address. None of those exceptions applies here.

Hickman's claim that venue must be proved when the State does not except to its inclusion in a jury instruction is not a *constitutional* challenge to the sufficiency of the evidence. He has no constitutional right to have the State prove beyond a reasonable doubt facts that are not elements of the crime.[2] Venue is not a statutory element of the crime of insurance fraud.[3] And our Supreme Court recently held that venue is not an element of a crime to be proved beyond a reasonable doubt.[4] We conclude that Hickman's claim that venue should have been proven is not of constitutional magnitude.[5] Accordingly, we need not review his claim.

Nevertheless, we do reach the argument concerning

---

[1]113 Wn.2d 912, 784 P.2d 1258 (1990).

[2]*See Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (the constitution requires that a criminal conviction be supported by "sufficient proof—*defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense"*) (italics ours).

[3]*See* RCW 48.30.230 (crime of felony insurance fraud is established by proof that the defendant presented, or caused to be presented, a false or fraudulent claim, or any proof in support of such a claim, for the payment of a loss exceeding $1,500 under a contract of insurance).

[4]*State v. Dent*, 123 Wn.2d 467, 479, 869 P.2d 392 (1994).

[5]*See State v. Fowler*, 114 Wn.2d 59, 69-70, 785 P.2d 808 (1990). There, the court declined to review the claimed error because it was not one of constitutional magnitude, explaining:

"[T]he constitution only requires the jury be instructed as to each element of the offense charged, and the failure of the trial court to further define one of those elements is not within the ambit of the constitutional rule. Since the trial court did instruct the jury as to each element of second degree assault, it met its constitutionally mandated requirement. Fowler has not raised an issue of constitutional magnitude to this court."

*See also Dent*, 123 Wn.2d at 478.

venue. We do so to clarify the status of an earlier opinion of this court in light of a recent state Supreme Court decision.[6]

## II

### Venue as Surplusage

Hickman argues that because the State failed to except to the venue element of the "to convict" instruction, it became the law of the case. Thus, according to Hickman, the State's alleged failure to prove the "element" of venue requires that we reverse his conviction. Hickman relies heavily on the decision of this court in *State v. Hobbs*.[7]

In *Hobbs*, the State requested that the trial court include "King County" as a necessary element in the "to convict" instruction given to a jury in a second degree assault case. There, both the defendant and the State submitted "to convict" instructions that included venue as an element of the crime.[8] The court so instructed the jury, and the defense argued in closing that the State failed to establish beyond a reasonable doubt that the crime occurred in King County.[9]

More than a day after jury deliberations began, the State moved to amend the information and to modify the "to convict" instruction so that it read "State of Washington" rather than "King County."[10] Over the defendant's objections, the trial court permitted the amendment to the information and modified the "to convict" instruction. The court also permitted defense counsel to reargue the

---

[6]*See State v. Hobbs*, 71 Wn. App. 419, 859 P.2d 73 (1993); *State v. Dent*, 123 Wn.2d 467.

[7]71 Wn. App. 419.

[8]*Hobbs*, 71 Wn. App. at 420.

[9]*Hobbs*, 71 Wn. App. at 421.

[10]*Hobbs*, 71 Wn. App. at 421.

case to the jury and denied the defendant's motion for a mistrial.[11]

On appeal, the defendant argued that the trial court erred by permitting the State to change the law of the case after jury deliberations began.[12] A majority of a panel of this court held that "the State assumed the burden of proving that the crime occurred in King County because the State requested that the court include King County as a necessary element in the 'to convict' instruction given to the jury."[13] The court then observed that "[a]lthough the defense was allowed to reargue, there was no opportunity, here, to rethink its cross examination strategy, a strategy based on the State's earlier error."[14] Thus, the court concluded, the only remedies that were available were to either hold the State to its own election or to declare a mistrial.[15] The court declined to hold the State to the law of the case and dismiss for insufficient evidence. Instead, the court ordered that a mistrial be declared to allow the case to be tried by a jury that was properly instructed and to allow the defense to plan and execute its theory of the case with the correct law.[16]

The dissenting opinion in *Hobbs* concluded that venue, though a constitutional right, is neither an element of a crime nor a matter of jurisdiction. Thus, because the defendant did not challenge venue before jeopardy attached and was not prejudiced because he was allowed to reargue the case to the jury, the challenge was waived.[17]

█ In *Dent*, our Supreme Court adopted the view that a defendant's failure to challenge venue by the time jeop-

---

[11]*Hobbs*, 71 Wn. App. at 421.

[12]*Hobbs*, 71 Wn. App. at 424.

[13]*Hobbs*, 71 Wn. App. at 422-23.

[14]*Hobbs*, 71 Wn. App. at 425.

[15]*Hobbs*, 71 Wn. App. at 425.

[16]*Hobbs*, 71 Wn. App. at 425.

[17]*Hobbs*, 71 Wn. App. at 425 (Grosse, J., dissenting).

ardy attaches constitutes a waiver of that challenge.[18] The court then proceeded to outline those situations in which the facts of particular cases may call for different rules.[19] None of those situations includes the case where the court has included in its instructions surplusage of the type included here. Thus, *Dent* rejects the approach in *Hobbs*. Hickman's reliance on *Hobbs* is therefore misplaced.

The State's lack of proof of venue here does not warrant reversal of Hickman's conviction because venue had nothing to do with the act that constituted the crime. So long as a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, we must sustain a conviction against a challenge to the sufficiency of the evidence.[20] Here, there is no claim that there is insufficient evidence of the statutory elements of the crime of insurance fraud. Moreover, there is no question that the crime was committed in the state of Washington.

We affirm the judgment and sentence.

COLEMAN and GROSSE, JJ., concur.

Review granted at 132 Wn.2d 1006 (1997).

[No. 36673-4-I.   Division One.   January 21, 1997.]
DENISE BRACKETT WOODLEY, *Respondent,* v. SAFECO INSURANCE COMPANY, *Appellant.*

---

[18]*Dent*, 123 Wn.2d at 480.

[19]*Dent*, 123 Wn.2d at 480-81.

[20]*State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).