# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46516-7-II |
| Respondent, | |
| v. | |
| JUSTIN SCOTT FESSEL, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Justin Fessel appeals his convictions for two counts of bail jumping and the resulting sentences. Fessel argues that the State's evidence is insufficient to support his bail jump convictions. We agree and reverse his convictions with prejudice.

## FACTS

In February 2013, the State charged Fessel with possession of a controlled substance. On February 14, he pleaded guilty and signed the court's order that he return to court on March 12 for sentencing. Fessel did not appear on March 12, and the State charged him with bail jumping. Fessel appeared in court on March 13. Fessel explained to the trial court that a car accident on March 12 prevented his appearance in court that day. The court ordered Fessel to return on March 21 for sentencing. Fessel signed the order, acknowledging that he had to appear on March 21, but he failed to appear. The State charged him with a second count of bail jumping.

At trial, the State introduced five exhibits and presented testimony of three witnesses. Exhibit 1 was a February 2013 memorandum of disposition signed by Fessel that ordered him to return to court on March 12. The memorandum contains a check-line indicating "[t]he defendant shall be released from custody today on the above-captioned case(s) only," but this provision was

not checked.  Ex. 1.  Exhibits 2, 3, and 5 are certified copies of clerk's minute entries for March 12, 13, and 21, respectively.  Each noted Fessel was not in custody.  Exhibit 2 and 5 noted that Fessel did not appear and a warrant was authorized for him.  Exhibit 4 was a scheduling order from March 13 signed by Fessel ordering him to return to court on March 21.

Each of the bail jumping to-convict instructions required the following elements to be proved by the State beyond a reasonable doubt:

> (1) That on or about [March 12 and March 21, 2013], the defendant failed to appear before a court;
> (2) That the defendant had been convicted of Possession of a Controlled Substance;
> (3) That the defendant had been *released by court order* with knowledge of the requirement of a subsequent personal appearance before that court; and
> (4) That any of these acts occurred in the State of Washington.

Clerk's Papers at 33-34 (emphasis added).  Neither Fessel nor the State objected to these jury instructions, numbers 8 and 9.

The jury convicted Fessel of both counts of bail jumping.  Fessel timely appeals.

SUFFICIENCY OF EVIDENCE

Fessel argues that the State did not present sufficient evidence to sustain his bail jumping convictions because no evidence showed Fessel was released by court order, a required element under the jury instructions which became the law of this case.  The State counters that its evidence was sufficient because after pleading guilty, Fessel was ordered to return to court for sentencing, creating an *implied release* by court order.  We agree with Fessel.

A.  LAW OF THE CASE

Jury instructions that neither party objects to become the law of the case and delineate the State's proof requirements.  *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998) (citing

*State v. Hames*, 74 Wn.2d 721, 725, 446 P.2d 344 (1968)).  Neither Fessel nor the State objected to the "to-convict" instructions.  Here, the "to-convict" instructions required the State to prove that the defendant had been *released by court order* with knowledge of the requirement of a subsequent personal appearance before that court.

Because neither party objected to these instructions, they are the law of the case and delineated the State's proof requirements.  *Hickman*, 135 Wn.2d at 102.

### B.  INSUFFICIENT EVIDENCE SUPPORTS THE CONVICTIONS

Under the due process clause, the State is required to prove all necessary elements of a crime charged beyond a reasonable doubt.  U.S. CONST. amend. XIV, § 1; *In re Winship*, 397 U.S. 358, 362-65, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Colquitt*, 133 Wn. App. 789, 796, 137 P.3d 892 (2006).  The evidence must be viewed in the light most favorable to the State when determining whether there is sufficient evidence to support a conviction.  *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).  The evidence is deemed sufficient where "any rational trier of fact could have found guilt beyond a reasonable doubt."  *Salinas*, 119 Wn.2d at 201.

An appellant challenging the sufficiency of the evidence "'admits the truth of the State's evidence'" and all reasonable inferences therefrom are drawn in favor of the State.  *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004) (quoting *Salinas*, 119 Wn.2d at 201).  Further, direct evidence and circumstantial evidence are equally reliable.  *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).  We may not substitute our judgment for the jury's by reweighing the credibility of witnesses or importance of the evidence.  *See generally State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The State introduced five exhibits. Exhibit 1 was a February 14, 2013 memorandum of disposition signed by Fessel and ordering him to return to court on March 12. The memorandum contains a check-line indicating "[t]he defendant shall be released from custody today on the above-captioned case(s) only," but this provision was not checked. Ex. 1. Exhibits 2, 3, and 5 are all certified copies of clerk's minute entries for March 12, 13, and 21, respectively. Each noted Fessel was not in custody. Exhibit 2 and 5 noted that Fessel did not appear and a warrant was authorized for him. Exhibit 4 was a scheduling order from March 13 signed by Fessel and ordering him to return to court on March 21. While exhibits 1 and 4 show that Fessel knew of his obligation to return to court on the noted dates, none of the exhibits say that Fessel was released by court order and the line providing for release in exhibit 1 remained unchecked.

The State's presentation of witness testimony similarly could not show a court order releasing Fessel for either count of bail jumping. Clark County Clerk Nancy Campbell testified regarding the contents of the exhibits and confirmed each was a true and accurate copy. Prosecutor Erin Culver testified that Fessel's sentencing was set over to allow him to address child care needs and confirmed Fessel signed and was given a copy of exhibit 1 showing he had a hearing scheduled March 21. Finally, Fessel's former attorney, Jeffrey Riback, testified that Fessel was given a copy of exhibit 1 and failed to appear on March 12 and March 21.

The State argues that because its evidence shows that Fessel pleaded guilty to possession of a controlled substance, that the trial court issued warrants for his arrest, and that Fessel was ordered to return to court for sentencing, his ability to remain free before sentencing was granted by the court and depended on his written promise to return. The State argues that this evidence

4

was sufficient because it shows Fessel was under the court's jurisdiction and "impliedly under release by court order." Br. of Resp't at 4.

According to the State, it is a reasonable inference that if one is ordered to come back to court with criminal consequences for failure to do so then one is "released by the court." The State cites no authority that an inference of an "implied release" is sufficient evidence of "release by court order." We disagree with the State's argument. The evidence is deemed sufficient where "any rational trier of fact could have found guilt beyond a reasonable doubt." *Salinas*, 119 Wn.2d at 201. Here, the State's evidence that the court ordered Fessel to return and issued warrants for him following missed court appearances was insufficient for a rational jury to find Fessel was released by court order.

We reverse the bail jumping convictions for insufficient evidence and remand to the trial court to dismiss the charges with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MAXA, J.