IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31615-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REUBEN J. PIEKOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Reuben Piekos challenges his convictions for delivering a controlled substance on the basis that the State undertook, but failed, to prove that he delivered hydrocodone. We agree with his contention and reverse.

FACTS

An informant advised Walla Walla police that Mr. Piekos was selling prescription hydrocodone pills. The police used the informant to make two purchases of hydrocodone from Mr. Piekos on the same day. The transactions occurred at the Piekos home about 10 minutes apart. The first sale took place on the front porch, while the second took place inside the Piekos home.

Two counts of delivery of a controlled substance were filed and the matter proceeded to jury trial. Mr. Piekos testified in his own defense and admitted selling the

pills, which his doctor had prescribed for his neck pain, to the informant. He did not identify the prescription or otherwise name the pills.

The jury was instructed that it must find, among other elements, that Mr. Piekos knew that he was delivering dihydrocodeinone. The jury found that Mr. Piekos had twice delivered dihydrocodeinone and that both instances occurred within 1,000 feet of a school bus stop.

The court ordered concurrent sentences of 12 months plus one day on each of the delivery counts, plus consecutive 24 month terms for each school bus zone enhancement finding. Mr. Piekos timely appealed to this court.

## ANALYSIS

Mr. Piekos presents four arguments, but we only need to address the first of those. He argues that the evidence does not support the convictions on the specific ground that the State failed to establish in accordance with the jury instructions that he knew he was distributing dihydrocodeinone.

Long settled standards generally govern the argument. We review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.* If the State undertakes to prove a specific fact by way of the elements

2

instruction, the evidence must support that factual determination even if the fact is not an element of the offense. *State v. Hickman*, 135 Wn.2d 97, 101-05, 954 P.2d 900 (1998).

Mr. Piekos argues, and the State agrees, that the State undertook to prove that he knew he was selling dihydrocodeinone. The parties disagree over whether the evidence supported the jury's finding. We conclude that the evidence does not show that Mr. Piekos knew the identity of the controlled substance he was selling.

The laboratory technician identified the pills sold by Mr. Piekos as dihydrocodeinone, a controlled substance. However, the question before us is whether Mr. Piekos knew he was selling dihydrocodeinone. Mr. Piekos testified that he sold his prescription pain pills to the informant because his wife told him they needed the money. No evidence was produced concerning what medication his prescription was for.

The informant testified that he had met Mrs. Piekos, an old high school classmate, and Mr. Piekos at a party. They indicated that they had extra prescription pain pills available for sale. The informant, who had worked for nearly 10 years purchasing drugs for the police, contacted his handler, a detective. The detective testified that the informant reported he could buy hydrocodone pills from Mr. Piekos. However, the informant simply told the jury that Mr. Piekos was willing to sell his prescription pills. There was no mention of the identity of the pills.

The only other mention of hydrocodone with the informant came from the prosecutor. The prosecutor asked, "[A]t some point in time did you tell somebody with

3

the Walla Walla Police Drug Unit that you could purchase some hydrocodone pills from a person by the name of Reuben?" The informant answered "yes." This evidence, also, simply proves that the informant believed he could purchase hydrocodone from Piekos, but it does not show that Piekos knew the identity of the drug.

When the informant called to make the purchases, he spoke with Mrs. Piekos. She invited him to come over. The sale was then consummated with Mr. Piekos, who sold the pills for $2 each. The detective testified that the price was appropriate for hydrocodone pills in Walla Walla. There was no showing that Mr. Piekos was an experienced drug dealer or otherwise was familiar with street prices for drugs.

The evidence amply supported the conclusion that Mr. Piekos knowingly delivered a controlled substance, hydrocodone. However, the jury unnecessarily was instructed that the State needed to prove that Mr. Piekos knew that he was selling hydrocodone. The State did not meet that burden. There was some evidence that the informant, after meeting with both Mr. and Mrs. Piekos at the party, believed he could purchase hydrocodone from them. If the informant had only dealt with Mr. Piekos, it might be possible to infer that Mr. Piekos told the informant that he had hydrocodone for sale. However, the evidence was that he spoke with both of them rather than just Mr. Piekos. Similarly, he spoke on the telephone with his old classmate, Mrs. Piekos, when he arranged the purchase of the "pills." The informant simply never identified that he discussed hydrocodone—by any name—with Mr. Piekos.

4

Mr. Piekos sold hydrocodone. He also knowingly sold a controlled substance—his own pain medication. However, there is not sufficient evidence that he knew he was selling hydrocodone.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:


_____
Brown, J.

_____
Siddoway, C.J.