IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34516-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RUBEN DARIO ROJAS, JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Ruben Rojas appeals his conviction for delivery of

a controlled substance and a special verdict finding that he committed the crime within

1,000 feet of a school bus route stop.

He raises two arguments as to why we should reverse the special verdict finding.

He argues insufficient evidence supports the special verdict because the State presented

no evidence the bus stop existed on the date he committed the offense. He also argues his

right under the Sixth Amendment to the United States Constitution to confront witnesses

was violated because the State failed to call a qualified witness to validate distances on

the map depicting school bus stop locations. We agree that insufficient evidence supports

the jury's special verdict finding, but do not reach his second argument.

Mr. Rojas also raises several arguments in a statement of additional grounds for review (SAG). We reject those arguments. Accordingly, we affirm Mr. Rojas's conviction, reverse the school bus stop sentencing enhancement, and remand for resentencing.

## FACTS

On January 14, 2016, Detective Klifford Caillier and a confidential informant entered into a cooperation agreement. In exchange for a reduced charge, the informant agreed to purchase drugs from one of his prior dealers, Zackary Morrell. The informant contacted Mr. Morrell and arranged to purchase morphine. The informant then drove to Mr. Morrell's house and went inside.

Inside the house, the informant joined Mr. Morrell, Mr. Morrell's girlfriend, and Mr. Rojas in a bedroom. The informant gave money to Mr. Morrell, who then handed it to Mr. Rojas. Mr. Rojas pulled out four morphine pills and handed them to the informant. The informant put the pills in his pocket and left the house.

The informant met with the police and handed over the morphine pills. He told Detective Caillier he purchased them from "Ruben." Report of Proceedings (RP) at 50. Detective Caillier compiled a six-person lineup, which included Mr. Rojas. Detective

2

Caillier showed the lineup to the informant, and the informant identified Mr. Rojas as the person who sold him the morphine.

The State charged Mr. Rojas with delivery of a controlled substance. The State included a special allegation that Mr. Rojas delivered the morphine within 1,000 feet of a school bus route stop.

Trial commenced on June 14, 2016. The State called Ben Mount, the transportation director for the Ellensburg School District. Mr. Mount testified he was responsible for all of the district's transportation and school bus operations. He testified the district documented its routing decisions with routing software, and this software was capable of determining distances between locations.

The State offered a map depicting Mr. Morrell's neighborhood. The map featured a circle with a radius of 1,000 feet, and Mr. Morrell's house was placed at the center of the circle. Just inside the top left corner of the circle was a small triangle denoting a school bus stop. The map indicated it was prepared on June 2, 2016.

Mr. Mount testified he prepared the map using the routing software. The State moved to admit the map, and Mr. Rojas objected on the basis that the State had failed to lay an adequate foundation. The court overruled Mr. Rojas's objection and admitted the map.

3

Mr. Mount described the map for the jury. He testified that because the circle's radius was 1,000 feet, anything inside the circle was within 1,000 feet of Mr. Morrell's house. Mr. Mount testified the small triangle denoting the school bus stop was therefore within 1,000 feet of Mr. Morrell's house.

On cross-examination, Mr. Mount testified he had never actually measured the distance with a tape measure. He further testified that the routing software used the Kittitas County geographic information systems (GIS) map, and that this map was spatially accurate. Mr. Mount further testified the school bus stop was either from the GIS map "or a[n] open source map like Google maps." RP at 101.

The jury found Mr. Rojas guilty. The jury also returned the special verdict finding that Mr. Rojas sold the morphine within 1,000 feet of a school bus stop. At sentencing, the court imposed a standard range sentence of 36 months, which included a 24-month sentence enhancement based on the special verdict form. Mr. Rojas appeals.

ANALYSIS

Mr. Rojas argues insufficient evidence supports the jury's finding that he delivered morphine within 1,000 feet of a school bus route stop. He contends that Mr. Mount identified the location of the school bus stop as of the date of the trial, June 14, 2016, but

No. 34516-5-III
*State v. Rojas*

Mr. Mount did not identify the location of the school bus stop as of the date of the offense, January 14, 2016.

Just like with a criminal conviction, the State bears the burden of proving the elements of a sentencing enhancement beyond a reasonable doubt. *State v. Hennessey*, 80 Wn. App. 190, 194, 907 P.2d 331 (1995). This court reviews the evidence supporting a jury's special finding for purposes of a sentence enhancement the same way it reviews the evidence supporting a jury's finding of guilt on a criminal charge. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010).

In reviewing the sufficiency of the evidence, this court examines whether, viewed in the light most favorable to the State, any rational jury could have found the facts needed to support the sentence enhancement beyond a reasonable doubt. *Hennessey*, 80 Wn. App. at 194; *see also State v. Condon*, 182 Wn.2d 307, 314, 343 P.3d 357 (2015). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn from it. *Condon*, 182 Wn.2d at 314.

RCW 9.94A.533(6) provides that "[a]n additional twenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of . . . RCW 69.50.435 . . . ." RCW 69.50.435(1)(c) provides that a school bus stop

5

enhancement applies when a drug offense takes place "[w]ithin one thousand feet of a school bus route stop designated by the school district."

In this case, the State never presented any evidence to prove the school bus route stop existed on January 14, 2016, the day Mr. Rojas delivered the morphine. The map itself indicates it was prepared on June 2, 2016, but neither the map nor Mr. Mount's testimony established the bus stop existed six months earlier.[1]

Accordingly, we conclude the State presented insufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Mr. Rojas delivered a controlled substance within 1,000 feet of a school bus route stop. We reverse the sentence enhancement and remand for resentencing.[2] *See State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).

---

[1] We distinguish our recent unpublished decision in *State v. Martin* on the basis that in *Martin*, there was substantial circumstantial evidence that at the time of the offense, at least one school bus stop existed within 1,000 feet of the drug offense. *See State v. Martin*, No. 34037-6-III, slip op. at 1-3 (Wash. Ct. App. May 4, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/340376_unp.pdf. In *Martin*, the State similarly failed to ask the transportation director specifically about bus stop locations at the time of the drug offense. But there, the transportation director testified that *six* bus stops were within 1,000 feet of the drug sale, and that everywhere in Ellensburg was within 1,000 feet of a school bus stop. That testimony is substantially stronger than here.

[2] In light of our disposition of this issue, we do not address Mr. Rojas's alternative argument that admission of the map without a qualified witness to testify about the map violated his constitutional right to confront his accusers.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A defendant is permitted to file a pro se SAG in a criminal case on direct appeal. RAP 10.10(a). This statement is not required to cite authorities or to the record itself, but must have sufficient specificity to inform the court of the "nature and occurrence" of specified errors. RAP 10.10(c).

A. ADDITIONAL GROUND ONE: INFORMANT'S INCONSISTENT STATEMENTS

Mr. Rojas argues the informant's trial testimony was inconsistent with his interview statements prior to trial. Mr. Rojas is correct the informant's trial testimony regarding who handed him the morphine pills and the color of the pills differed from his pretrial statements. However, the determination of the informant's credibility was within the exclusive province of the jury, and the jury's determination is not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Mr. Rojas also argues defense counsel failed to properly cross-examine the informant regarding these inconsistencies. However, the record demonstrates otherwise. *See* RP at 88-89. Defense counsel also emphasized these inconsistencies in closing and argued they cast doubt on the informant's credibility. *See* RP at 128. This was not deficient performance.

B.   ADDITIONAL GROUND TWO: ALLEGED HEARSAY

Mr. Rojas also argues that "[h]eresay [sic] is what the prosecution is going off, Heresay [sic] from [the informant]." SAG at 1. The informant testified at trial and described his role in the controlled buy. Mr. Rojas generally asserts this testimony was hearsay, but fails to explain what specific statements were inadmissible hearsay. Accordingly, Mr. Rojas has not informed this court of the nature and occurrence of any alleged errors. *See* RAP 10.10(c). Moreover, Mr. Rojas never objected to any of the informant's testimony at trial on hearsay grounds and, therefore, failed to preserve any evidentiary hearsay issue for appeal. *See* RAP 2.5(a).

C.   ADDITIONAL GROUND THREE: STATE NOT CALLING MR. MORRELL

Mr. Rojas also argues that the "State failed to produce a statement from witness Zach Morell [sic] . . . given the fact that he is the co-conspiritor [sic]." SAG at 2. While true, it is unclear how this is relevant. The State was not required to call Mr. Morrell as a witness. If Mr. Rojas believed Mr. Morrell's testimony would be unfavorable to the State's case, he had every opportunity to call Mr. Morrell as a witness.

D.   ADDITIONAL GROUND FOUR: LACK OF PHYSICAL EVIDENCE

Mr. Rojas also argues that the State presented no physical evidence that he was at Mr. Morrell's house on January 14, 2016, when the drug sale occurred. While true, the

informant testified Mr. Rojas sold him four morphine pills at Mr. Morrell's house on January 14. When reviewing for sufficiency of the evidence, this court assumes all of the State's evidence is true. *Condon*, 182 Wn.2d at 314. Therefore, the absence of physical evidence is irrelevant because the informant's testimony supports Mr. Rojas's conviction.

E.      ADDITIONAL GROUND FIVE: POSSIBILITY MR. MORRELL SOLD THE PILLS

Mr. Rojas appears to argue Mr. Morrell was the person who actually sold the informant the morphine pills. He contends Mr. Morrell arranged the transaction via text message. He also argues Mr. Morrell was the informant's drug dealer and friend and, thus, they both had an incentive to falsely implicate him.

Although this was certainly a valid argument to make to the jury, the jury was free to believe otherwise. *Camarillo*, 115 Wn.2d at 71. It is not this court's role to reweigh this evidence and substitute its judgment for that of the jury. *State v. McCreven*, 170 Wn. App. 444, 477, 284 P.3d 793 (2012).

Because neither party substantially prevailed on appeal, we grant Mr. Rojas's motion to deny the State an award of appellate costs. *See* RAP 14.2.

9

No. 34516-5-III
*State v. Rojas*

We affirm Mr. Rojas's conviction, reverse the school bus stop sentence enhancement, and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

10