# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 77378-0-I |
| Respondent, | ORDER DENYING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |
| v. | |
| CHRISTOPHER GEORGE DREIER, | |
| Appellant. | |

Appellant, Christopher George Dreier, filed a motion for reconsideration of the opinion filed on March 11, 2019. Respondent, State of Washington, filed a response. A panel of the court has determined that the motion should be denied and that the opinion filed on March 11, 2019, shall be withdrawn and a substitute unpublished opinion will be filed. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; it is further

ORDERED that the opinion filed on March 11, 2019, is withdrawn and a substitute unpublished opinion shall be filed.

_Chun, J._

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 77378-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CHRISTOPHER GEORGE DREIER, | |
| Appellant. | FILED: April 15, 2019 |

CHUN, J. — The State charged Christopher Dreier with first degree animal cruelty after he shot and injured a dog. Dreier claimed self-defense, but the jury convicted him as charged. On appeal, Dreier contends the State failed to prove beyond a reasonable doubt that his actions were unlawful. Because sufficient evidence supports the conviction, we affirm.

BACKGROUND

One April evening in 2016, Dreier was helping his neighbors with work on their home. His three young children played near the river that passed through the property. His small Pomeranian dog was also on site with them.

On previous days, Dreier had seen a pit bull mix dog roaming unleashed on the property. Dreier claimed the dog had acted aggressively toward him and his Pomeranian, and had chased a deer with seemingly lethal intent. Dreier had a negative history with pit bulls, having witnessed a different pit bull attack and kill one of his dogs the year before.

On this day, the pit bull mix passed through the yard, roaming unleashed. Upon seeing the dog walk through the property, Dreier went to his home for his .22 caliber rifle. He returned to the property with the gun. When a neighbor announced the return of the dog, Dreier became concerned about the safety of his children. He retrieved the gun and stood between the dog and his children. Dreier attempted to "shoo" the dog away, but the dog continued to approach with its tail up. When the dog was 15 feet away, Dreier fired the gun at least twice.

Neighbors, Misty Sattler and her family, heard the gunshots and a dog yelping. They found their dog, Lailay, lying in a pool of blood. Sattler saw Dreier standing nearby with the gun, and he admitted that he had shot her dog. Sattler called 911 and a deputy with the Snohomish County Sheriff's Office responded to the incident. Dreier readily cooperated with the deputy, believing he had done nothing wrong.

Sattler took Lailay to the veterinarian who found multiple puncture wounds, bullet fragments, and a fracture of the humerus in her left leg. Lailay's injuries required surgery. She survived the shooting but almost lost her leg and still has deeply embedded bullet fragments in her body. She spent approximately 12 weeks in a cast but regained little use of her leg.

Nine months after the incident, the State charged Dreier with one count of first degree animal cruelty. During the jury trial, Dreier argued that he was defending himself and his children. The jury found him guilty as charged.

Dreier appeals.[1]

ANALYSIS

Dreier contends the State failed to prove all the essential elements of first degree animal cruelty beyond a reasonable doubt. Specifically, he claims the State did not meet its burden of proving that he acted unlawfully. We disagree and affirm.

Due process requires that the State prove every element of a crime beyond a reasonable doubt. State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017). Under Washington's "law of the case" doctrine, this burden includes "otherwise unnecessary elements of the offense when such added elements are included without objection in the 'to convict' instruction." State v. Hickman, 135 Wn.2d 97, 102, 954 P.2d 900 (1998); Johnson, 188 Wn.2d at 756. On appeal, a defendant may challenge the sufficiency of the evidence of the added element. Hickman, 135 Wn.2d at 102.

To determine whether sufficient evidence supports a conviction, an appellate court must "view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." State v. Homan, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). A claim of insufficient evidence admits the truth of the State's evidence and all reasonable inferences from that evidence, and those inferences must be interpreted in favor of the State and most strongly

---

[1] Initially, the State filed a cross-appeal. The State withdrew its cross-appeal on July 10, 2018.

against the defendant. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Additionally, an appellate court "must defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence." Homan, 181 Wn.2d at 106.

A person commits first degree animal cruelty when, "except as authorized in law, he or she intentionally (a) inflicts substantial pain on, (b) causes physical injury to, or (c) kills an animal by a means causing undue suffering or while manifesting an extreme indifference to life." RCW 16.52.205(1). The trial court provided the jury with a to-convict instruction articulating these elements:

> To convict the defendant of the crime of Animal Cruelty in the First Degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 3rd day of April, 2016, the Defendant intentionally and unlawfully;
>   (a) Inflicted substantial pain on an animal; or
>   (b) Caused physical injury to an animal; and
> (2) That any of these acts occurred in the State of Washington.

As an attempt to translate the statutory element of "except as authorized by law," the jury instruction included the requirement that Dreier acted "unlawfully." As a result, the to-convict instruction established "unlawfully" as an additional element requiring proof beyond a reasonable doubt by the State. See Johnson, 188 Wn.2d at 756.

The jury instructions also instructed that "[i]t is a defense to the charge of Animal Cruelty in the First degree that the force used was lawful as defined in

this instruction." The instruction required the State to prove beyond a reasonable doubt that the force used by Dreier was not lawful.

The State argues it presented sufficient evidence that Dreier did not act in self-defense or defense of others, thereby proving beyond a reasonable doubt that Dreier unlawfully inflicted pain on the dog. Dreier contends the State conflates "unlawfulness" with "not acting in self-defense," when numerous other statutorily acceptable ways exist to lawfully inflict pain or injury on an animal. Specifically, Dreier cites food production, hunting, laboratory testing, and religious reasons as lawful means of causing pain or injury to an animal. See RCW 16.58.040; RCW 77.32.450; RCW 16.52.220; RCW 16.50.150. According to Dreier, the State may have proved he did not act in self-defense or defense of others, but failed to demonstrate he violated any of the statutes allowing injury to animals.

Dreier invoked self-defense and defense of others as the only lawful reasons for his conduct. The jury instructions adhered to this choice of defense by providing, "It is a defense to the charge of Animal Cruelty in the First Degree that the force used was lawful as defined in this instruction." This was the only jury instruction provided on the issue of lawfulness. Dreier does not argue, nor does the record show, that he requested further instruction on other lawful reasons to cause pain or injury to an animal such as food production, hunting, laboratory testing, or religious reasons.

Dreier does not dispute the State met its burden of proving that the use of force was not lawful for self-defense or defense of others. Furthermore, viewing

5

the evidence in the light most favorable to the State, the State provided sufficient evidence that Dreier shot Lailay because of a fundamental distrust of pit bulls. The circumstances clearly demonstrate that Dreier did not shoot the dog for food production, hunting, laboratory testing, ritual slaughter for religious purposes, or any other lawful purpose. As such, a rational fact finder could find the elements of the crime beyond a reasonable doubt, including that Dreier acted "unlawfully."

Affirmed.

WE CONCUR: