**FILED**
**MARCH 26, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35917-4-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 35921-2-III) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO JOSE TORRES, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| _____ | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REED J. ALEFTERAS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — A jury convicted Antonio Torres and Reed Alefteras of first

degree robbery and fourth degree assault. Mr. Alefteras appeals his conviction, primarily

arguing insufficiency of evidence as to the State's theory of accomplice liability. Both Mr.

Torres and Mr. Alefteras appeal imposition of various legal financial obligations (LFOs).

Mr. Torres also filed a statement of additional grounds for review, challenging his

conviction. We affirm the defendants' convictions, but remand with instructions to strike

several LFOs based on recent changes to Washington law.

BACKGROUND

The assault and robbery charges stem from a late night confrontation between two

groups of strangers walking through Spokane's Mission Park. The first group comprised

the State's complaining witnesses: Sean Dempsey, Sharayah (Shay) Holland, and Alex

Lacefield. All three of these witnesses were intoxicated at the time. The second group

consisted of Mr. Alefteras, Mr. Torres, Caleb Townsend, Noah Stiles, and perhaps one other

person.[1]

At trial, the State presented testimony from its three complaining witnesses, as

well as Mr. Stiles. Piecing together the evidence in the light most favorable to the State,[2]

the confrontation in Mission Park appears to have occurred as follows:

As the three complaining witnesses neared Mission Park, Ms. Holland and Mr.

Lacefield (who were romantically involved) were bickering. Ms. Holland walked in front of

---

[1] Mr. Townsend pleaded guilty prior to trial. It does not appear charges were ever filed against Mr. Stiles.

[2] Because Mr. Alefteras challenges the sufficiency of the State's evidence, our review asks "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Mr. Lacefield and Mr. Dempsey (who was the most intoxicated of the trio) lagged behind.

Mr. Townsend, Mr. Torres, and Mr. Alefteras approached Ms. Holland and Mr. Lacefield in an aggressive manner. According to Mr. Lacefield, the three men were "mean mugging," with their arms crossed. 1 Report of Proceedings (RP) (Jan. 23, 2018) at 140, 144, 169. Ms. Holland described the three men as looking like "they wanted to pick a fight." 2 RP (Jan. 23, 2018) at 263. Mr. Torres had a taser with him and was zapping it on and off. Mr. Lacefield and Ms. Holland tried to get away, but Mr. Torres deployed his taser against Ms. Holland and Mr. Townsend head-butted Mr. Lacefield.

At some point, Mr. Townsend attacked Mr. Dempsey. Mr. Dempsey was taken to the ground and ended up bloodied. Mr. Alefteras was also observed pushing Mr. Lacefield. Mr. Stiles[3] supplied this information about Mr. Alefteras. Mr. Stiles indicated Mr. Alefteras pushed Mr. Lacefield after being pushed himself. Mr. Lacefield, in contrast, never mentioned acting out against any of the attackers.

---

[3] Mr. Stiles said Mr. Alefteras pushed a man other than the one being attacked by Mr. Townsend. Deductive reasoning indicates Mr. Stiles identified the pushing incident as something between Mr. Alefteras and Mr. Lacefield. By placing Mr. Alefteras with Mr. Lacefield, Mr. Stiles's testimony confirms that Mr. Alefteras was one of the individuals described by Mr. Lacefield as "mean mugging." 1 RP (Jan. 23, 2018) at 140, 144, 169. Mr. Stiles's identification of Mr. Alefteras as the individual interacting with Mr. Lacefield also suggests that Mr. Alefteras may have actually been the individual who head-butted Mr. Lacefield, instead of Mr. Townsend (who by all accounts was involved in an attack of Mr. Dempsey).

Once the confrontation ended, Ms. Holland discovered items missing from her purse and Mr. Dempsey found he no longer had his wallet, credit card, or keys. Video taken from a nearby gas station revealed Mr. Alefteras together with Mr. Townsend and Mr. Torres shortly after the attack. While at the gas station, Mr. Townsend used Mr. Lacefield's credit card to make some purchases.

After the close of evidence, the jury found Mr. Torres and Mr. Alefteras guilty of first degree robbery of Mr. Dempsey and fourth degree assault of Mr. Lacefield. At sentencing, the trial court imposed prison time and various LFOs. Both men appeal.

ANALYSIS

*Sufficiency of the evidence in Mr. Alefteras's case*

The State's theory was Mr. Alefteras committed the crimes of assault and robbery as an accomplice. An "accomplice" is someone who "is legally accountable for the conduct of another person." RCW 9A.08.020(2). If a person either "(i) [s]olicits, commands, encourages, or requests such other person to commit [a crime]; or (ii) [a]ids or agrees to aid such other person in planning or committing it" and the person acts "[w]ith knowledge that it will promote or facilitate the commission of the crime," the person may be convicted as an accomplice. RCW 9A.08.020(3)(a). An accomplice "may be convicted on proof of the commission of the crime and of his or her complicity therein." RCW 9A.08.020(6).

4

Mr. Alefteras does not challenge the sufficiency of the State's proof that the three complaining witnesses were the victims of assault and robbery perpetrated by Caleb Townsend and Antonio Torres. Mr. Alefteras's argument is that he was merely present at the time of the crimes, and could not be convicted as an accomplice to his friends' misconduct. We disagree with this assessment.

The evidence against Mr. Alefteras was slim, but it was not insufficient. According to the State's evidence, Mr. Alefteras did not stand by in an idle manner while his friends attacked the three victims. Instead, he egged his friends on by aggressive posturing and mean-mugging. He also participated in some shoving while Mr. Townsend attacked and robbed Mr. Dempsey. Mr. Stiles's suggestion that Mr. Alefteras's act of shoving may have been defensive is belied by Mr. Lacefield's testimony, which indicated Mr. Lacefield never tried to fight any of his attackers. The sum total of the foregoing facts are sufficient to justify deference to the jury's verdict.

In addition to his general sufficiency challenge, Mr. Alefteras argues the State failed to prove venue[4] and the trial court improperly responded to a jury question regarding

---

[4] Venue was not recited in the jury instructions and, as a result, did not become a de facto element. *See State v. Hickman*, 135 Wn.2d 97, 105, 954 P.2d 900 (1998) (Venue need only be proved when included in the court's to-convict instruction.).

5

accomplice liability.[5] Neither argument was raised to the trial court; therefore, review is

unwarranted. RAP 2.5(a).

*Objections to LFOs*

Mr. Alefteras and Mr. Torres argue against imposition of various LFOs based on

recent changes to Washington law. Both challenge imposition of the $200 criminal filing

fee. Mr. Torres challenges the $100 DNA[6] collection fee and Mr. Alefteras challenges the

$500 victim penalty assessment.

We sustain the objections to the criminal filing fee. Both Mr. Alefteras and Mr.

Torres are indigent as defined by RCW 10.101.010(a)-(c). Thus, as the State concedes,

neither defendant should be held liable for the $200 filing fee. RCW 36.18.020(2)(h);

RCW 10.01.160(3).

We also sustain Mr. Torres's objection to the $100 DNA collection fee. Mr. Torres

has at least one prior felony that should have resulted in prior DNA collection. The State

---

[5] The court's accomplice liability instruction was based on WPIC 10.51, which defines accomplice liability. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.51, at 234 (4th ed. 2016) (WPIC). Mr. Alefteras did not object to the instruction at the time of trial. When the jury issued a question regarding accomplice liability, the parties all agreed the court should respond by referring the back to the instructions.

[6] Deoxyribonucleic acid.

does not claim otherwise. Thus, based on the current record, Mr. Torres's $100 DNA fee

should be struck. RCW 43.43.7541.

Mr. Alefteras challenges the $500 victim penalty assessment, arguing it could not

be imposed absent an ability to pay. This argument is mistaken. The victim penalty

assessment is a mandatory financial obligation that must be imposed regardless of ability

to pay. RCW 7.68.035(1)(a); *State v. Catling*, 193 Wn.2d 252, 259-60, 438 P.3d 1174

(2019).

## *Mr. Torres's statement of additional grounds for review*

In his statement of additional grounds for review, Mr. Torres makes three arguments:

(1) the trial court failed to instruct the jury on a lesser included offense for first degree

robbery, (2) trial counsel was ineffective for failing to seek a severance, and (3) insufficient

evidence supports Mr. Torres's conviction for assaulting Mr. Lacefield. None of these

arguments warrant reversal. With respect to the first claim, Mr. Torres fails to articulate

what lesser included instruction should have been requested; generally, the decision of

whether to seek a lesser included offense is left to trial tactics. No prejudice is shown as to

the second claim; this is not a case where the State introduced evidence that was only

relevant to a co-defendant. Finally, sufficient evidence supports Mr. Torres's fourth degree

assault conviction against Mr. Lacefield. Several witnesses positively identified Mr. Torres

as deploying a taser and encouraging the attack against all three complaining witnesses. Mr. Torres is culpable for the same reasons as Mr. Alefteras.

## CONCLUSION

The judgments of conviction are affirmed. This matter is remanded with instructions to strike the $200 criminal filing fee from Mr. Alefteras's judgment and sentence and to strike both the $200 criminal filing fee and $100 DNA collection fee from Mr. Torres's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

8